Young, Appellee, v. Eyster, Appellant.

[Cite as Young v. Eyster. 18 Ohio App. 2d 242.]

(No. 557—Decided May 27, 1969.)

*Messrs. Solsberry, Ahern & Butler* and *Mr. William R. Hughes,* for appellee.
*Messrs. McDevitt & Dotson,* for appellant.

Rutherford, J. On October 27, 1966, a dark but otherwise clear night, plaintiff was operating a farm tractor on

State Route 13 at a speed of four to five miles an hour, pulling two farm wagons loaded with soybeans. The high-way was practically level and there were no obstructions of the view to the rear of the wagons for a long distance.

The tractor was lighted with a red light to the rear. On the rear of the second wagon was a red reflector and a triangular slow-moving vehicle emblem (SMV).

The defendant approached the wagons from the rear in the same line of travel and, being unable to stop within his assured clear distance, struck the left-rear corner of the rear wagon, damaging the wagons, spilling the soybeans, and causing his car to overturn on the left side of the highway.

Plaintiff sued in Municipal Court for damages proximately caused by defendant's negligence in failing to stop within the assured clear distance. Defendant testified that he was traveling 55 miles an hour, being 5 miles an hour over the prima facia lawful speed limit, and did not see the wagon in time to avoid striking it. One witness testified that she saw no lights on the defendant's car at the time of impact.

The case was tried to the court, and judgment was rendered in favor of the plaintiff for $984 plus costs. The amount of the judgment is not contested. The court's conclusions of law are:

"The defendant did not maintain an assured clear distance ahead in the operation of his vehicle.

"The plaintiff was not guilty of contributory negligence and did comply with the requirements of the Ohio Code with regard to lighting and slow-moving vehicle emblem.

"The defendant's negligence proximately caused the injuries and damages to the plaintiff."

The assignments of error relate to the court's conclusion of law that the plaintiff did comply with the requirements of the Ohio Code with regard to lighting and slow-moving vehicle emblem. Specifically the questions which defendant, appellant herein, presents are:

"1. Do the statutes of Ohio require plaintiff-appellee

to have a red tail light on the rear wagon in addition to the slow-moving vehicle emblem and the reflector?

"2. Was the failure to have a red tail light on the rear wagon a contributing cause of the accident?"

Chapter 4513 of the Revised Code regulates equipment.

Section 4513.02, Revised Code, provides:

"(G) *Sections 4513.01 to 4513.37, inclusive, of the Revised Code, with respect to equipment on vehicles, do not apply to implements of husbandry,* road machinery, road rollers, *or agricultural tractors except as made applicable to such articles of machinery.*" (Emphasis added.)

It is our finding that the farm wagons used to haul grain in the operation of plaintiff's 250-acre farm fall within the classification of implements of husbandry and, therefore, with respect to equipment on such vehicles, are not subject to the regulations of Sections 4513.01 to 4513.-37, Revised Code, excepting as to the portions of such sections which are specified as being applicable to such articles of machinery.

The portions of Sections 4513.01 to 4513.37, Revised Code, which are specified as being applicable to plaintiff's agricultural tractor and farm wagons being pulled (implements of husbandry), are contained in Section 4513.11, Revised Code, which, in pertinent part, provides:

"(A) All vehicles, *including those referred to in Section 4513.02* of the Revised Code, *not specifically required to be equipped with lights by Sections 4513.03 to 4513.10, inclusive, of the Revised Code, shall,* at the time and under the circumstances specified in Section 4513.03 of the Revised Code, display at least one lighted light or lantern exhibiting a white light visible from a distance of approximately five hundred feet to the front of such vehicle and a light or lantern exhibiting a red light visible from a distance of approximately five hundred feet to the rear." (Emphasis added.)

Section 4513.03, Revised Code, as referred to in Section 4513.11 (A), Revised Code, provides, in part:

"Every vehicle upon a street or highway within this

state during the time from one-half hour after sunset to one-half hour before sunrise, and at any other time when there is not sufficient natural light to render discernible persons, vehicles, and substantial objects on the highway at a distance of five hundred feet ahead, shall display lighted lights and illuminating devices as required by Sections 4513.04 to 4513.37, inclusive, of the Revised Code, for different classes of vehicles. * * * ''

It is our finding that under the exceptions provided in Section 4513.02, Revised Code, *supra,* plaintiff's agricultural tractor and wagons have not been specifically required to be equipped with lights by Sections 4513.03 to 4513.10, inclusive, of the Revised Code, but that, not having been required to be equipped with lights by such sections, they are not exempt from the requirements of Section 4513.11 (A), Revised Code, which section is specifically made applicable to include those vehicles referred to in Section 4513.02, Revised Code, *supra,* when not exempted from the requirements of Section 4513.11 (A), Revised Code, by being required to be equipped with lights by Sections 4513.03 to 4513.10, inclusive, of the Revised Code.

If subsection (A) of Section 4513.11 is not applicable to plaintiff's agricultural tractor, then there is no provision in the Code requiring plaintiff to have a light on the front of his tractor at night. Such interpretation would not only be contrary to the express provisions of Section 4513.11 (A) but would be, also, an unreasonable construction of legislative intent. If such section is applicable as to its requirement of lights visible from the front, it is equally applicable as to its requirement of lights visible from the rear.

Sections 4513.05 and 4513.11 (A), Revised Code, cannot both be applicable. The reason is not only because Section 4513.11 (A), Revised Code, specifically precludes the application of that section if the vehicle in question is specifically required to be equipped with lights by Sections 4513.03 to 4513.10, inclusive, of the Revised Code, but also because the sections are otherwise distinguishable. Section 4513.05, Revised Code, requires a tail light on the

vehicle, which shall be so wired as to be lighted whenever the headlights or auxiliary driving lights are lighted, except where separate lighting systems are provided for trailers for the purpose of illuminating the registration plate. Farm wagons do not require registration plates. Thus, if Section 4513.05, Revised Code, were applicable, the requirement for a farm wagon would be a wired tail light; whereas, under Section 4513.11 (A), Revised Code, which section is specifically made applicable, the requirement is either a lighted light or lantern exhibiting a red light. Section 4513.05, Revised Code, also contains an exemption, as distinguished from a requirement, which exemption provides that "in the case of a train of vehicles only the tail light on the rearmost vehicle need be visible from the distance specified." We find no conflict in determining that, as applicable to a train of vehicles, this exemption would apply to any train of vehicles, and that when more than one wagon is being pulled by an agricultural tractor only the red light or red lantern on the rearmost vehicle need be visible from the distance specified.

Section 4513.11 (B), Revised Code, as in effect on October 27, 1966, the date of the accident, provides:

"(B) All farm machinery * * * which is designed for operation at a speed of twenty-five miles an hour or less * * * shall display a triangular slow-moving vehicle emblem (SMV). * * *"

That section then provides specifications for the design and mounting of the SMV emblem.

Such subdivision (B) is likewise specifically made applicable to plaintiff's farm tractor and wagons, but there is no assigned error claiming that plaintiff did not comply with the provisions of subdivision (B) by properly displaying a regulation slow-moving vehicle emblem.

In answer to defendant's first question, our answer is that, in addition to compliance with Section 4513.11 (B), Revised Code, by proper display of a regulation slow-moving vehicle emblem, Sections 4513.11 (A) and 4513.03, Revised Code, require that plaintiff, while his farm tractor and wagon are upon a street or highway within this state

and during the time from one-half hour after sunset to one-half hour before sunrise, and at any other time when there is not sufficient natural light to render discernible persons, vehicles and substantial objects on the highway at a distance of five hundred feet ahead, must display, on the wagon, a light or lantern exhibiting a red light visible from a distance of approximately five hundred feet to the rear, provided that in the case of a train of vehicles only the red light or lantern and the slow-moving vehicle emblem on the rearmost wagon need be visible from the specified distance.

The finding of the Municipal Court that plaintiff did comply with the requirements of Ohio law with regard to lighting, when plaintiff had not complied with the provisions of Section 4513.11 (A), Revised Code, was contrary to law and error prejudicial to the defendant, appellant herein. The judgment must, therefore, be reversed.

The second question presented by defendant, i. e., the question of proximate cause, presents an issue for the trier of the facts. Therefore, the cause is remanded for a new trial and further proceedings according to law.

*Judgment reversed and cause remanded for a new trial.*

Van Nostran, P. J., concurs.
Putman, J., concurs in part and dissents in part.

Putman, J. I concur in the reversal of the judgment.

I respectfully dissent from the remand for new trial for the reason that I believe the evidence shows as a matter of law that the plaintiff's own negligence was a proximate cause of the collision.

I respectfully disagree with that portion of the opinion which is an express finding that the end wagon of two wagons being pulled in train by an agricultural tractor on the Ohio highways at night is exempt from the equipment requirements of Sections 4513.01 to 4513.37, Revised Code.

I likewise respectfully disagree with that portion of

the opinion which is a separate express finding that the machinery in this case is exempt from the equipment requirements of Sections 4513.03 to 4513.10, Revised Code.

My reasons for this disagreement are twofold:

First, I believe the conclusion reached by the majority, as well as the dissent, makes any finding whatsoever on these two points totally unnecessary to the conclusions reached or the order made.

Secondly, I believe that, if such a finding was in any way necessary to the legal validity of either opinion in this case, the equipment provisions of Section 4513.05, Revised Code, which expressly refer to the end vehicle which is being drawn in a train of vehicles, apply to the train of vehicles in this case within the meaning of Section 4513.02 (G), Revised Code.

The reason advanced for its inapplicability, that Section 4513.05, Revised Code, requires a wired tail light to illuminate the registration plate and that farm wagons do not require registration plates, ignores the express language of Section 4513.05, Revised Code, which limits the described wiring to cases "when such registration plate is required."